## MAGRUDER v. ARMES.

JURISDICTION; JUDGMENT AGAINST MARRIED WOMAN; COLLATERAL ATTACK.

1. A judgment of the Supreme Court of the District of Columbia rendered on appeal from a judgment of a justice of the peace in a suit against a married woman to recover certain witness fees alleged to be due the plaintiff for attending as a witness in an action at law, is not void for want of jurisdiction.

2. A judgment against a married woman can not be attacked collaterally and declared void on the ground that it is a general personal judgment against her, with no limitation of execution to her sole and separate estate under the Married Woman's Act (R. S. D. C., Sec. 727–730).

No. 917.  Submitted October 13, 1899.  Decided November 8, 1899.

HEARING on an appeal by the plaintiff from a judgment upon demurrer to the declaration in an action on the case. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an action for damages begun in the Supreme Court of the District of Columbia, on May 8, 1899, by Eleanor A.

H. Magruder, against George A. Armes, Jackson H. Ralston, Frederick L. Siddons, Harvey T. Winfield and Albert A. Wilson. Defendants' demurrer to the declaration was sustained and judgment thereon entered, from which the plaintiff has appealed.

The substantial allegations of the declaration are: (1) That George A. Armes, as plaintiff in a suit at law in the Supreme Court of the District, with the assistance of Harvey T. Winfield, who appeared as attorney of record for plaintiff in said case, and of Jackson H. Ralston and Frederick L. Siddons as counsel, had issued a writ of *fieri facias* in said case against plaintiff and George C. W. Magruder, her husband, under date of February 19, 1896; (2) That said writ was directed to Albert A. Wilson, Marshal of the District of Columbia, and by him levied upon the interests of both plaintiff and her husband in and to a valuable lot designated by square and lot number; (3) "Said lot was the sole and separate estate at law in fee of said plaintiff, she being a married woman residing in said District;" (4) Said lot was of the value of $1,800, and after being so seized was held by the marshal until plaintiff, to prevent the sale of said lot, was compelled to pay the demands made in said writ; (5) Said writ commanded the marshal of the goods, chattels, lands and tenements of this plaintiff, and George C. W. Magruder, surety, to cause to be made $6.25, with interest from February 13, 1896, and $22.70, costs and charges; (6) That said writ was illegal and void on its face "because it was not made leviable only out of the sole and separate estate of said plaintiff, and made no allowance of any of the exemptions from execution allowed by law; furthermore, said writ called for interest when the judgment and verdict in the case gave none, and charged in the costs twenty dollars for said Armes and his attorney which are not allowed by law;" (7) "Said writ was issued and acted under for the wilful purpose of oppressing this plaintiff and of compelling this plaintiff to pay illegal charges and to

enforce a judgment against plaintiff in favor of said Armes in said law suit No. 39,058, which this plaintiff alleges was unauthorized by law and beyond the jurisdiction of said court to render, and void;" (8) "Said judgment was rendered upon an alleged charge by law of $1.25 a day to said Armes for attending said court as a witness in a certain suit at law No. 30,689 for this plaintiff, but was without law or merit;" (9) The judgment in No. 39,058, on which the writ issued, is set out in full and shows the recovery by Armes against Eleanor A. H. Magruder of the sum of $6.25, together with the costs of suit; (10) That "said judgment is a common law judgment on an alleged implied contract against her, she being a married woman then as now, and said judgment has no restriction in recovery or for execution to her sole and separate estate, and was beyond the jurisdiction of said court to render, and was and is legally void,.and said judgment could not be entered for a larger fee to the plaintiff therein as a witness than the law authorized in such a case;" (11) The said judgment is also declared void as to George C. W. Magruder named as surety and joined with her therein, he not being a party to the cause, and having judgment entered against him because he had signed an undertaking with plaintiff before the justice of the peace before whom said cause was originally tried, to secure an appeal to the Supreme Court of the District, although he had not been served with process; (12) That plaintiff and husband had a right to appeal from said judgment within twenty days, during which time no execution could issue; but that defendants, intending to oppress the plaintiff, sued out the said execution within six days, and eleven days thereafter levied the same as aforesaid; (13) That unable to terrify the plaintiff and compel payment by the levy, the defendants advertised the property for sale and endeavored also to sell the right of plaintiff's husband therein as tenant by the curtesy; (14) That on April 23, 1896, plaintiff moved to quash said writ, levy, etc.; but said motion was overruled

on May 6, 1896, in the absence of plaintiff's counsel; (15) That on May 8, 1896, plaintiff and her husband entered an appeal from the order overruling said motion to quash to the Court of Appeals; but the defendants persevered in their attempt to sell said property as advertised on May 9, 1896, and would not postpone the same to give plaintiff time to perfect said appeal; (16) Said marshal, acting for all the defendants, demanded the illegal and excessive sum of $89.94 as costs and charges, including therein a charge of $50 for advertising, when the same was not worth more than $17.05; and to prevent the sacrifice of her property plaintiff was compelled to pay said sum and stop the sale; (17) That afterwards the defendants prevented her from perfecting said appeal by causing the said Supreme Court to refuse to approve her appeal bond; (18) The damages sustained are made to sound in the sum of $6,000.

*Mr. J. J. Waters* for the appellant:

1. To have jurisdiction against a married woman the courts must proceed according to the requirements of the statutes. Secs. 729 and 730, R. S. D. C.; *Bank* v. *Partee,* 99 U. S. 325. Where a court acts without jurisdiction, all persons enforcing its judgment are trespassers. *Elliott* v. *Piersol,* 1 Pet. 328. Jurisdiction in proceedings may be exceeded, and was in this case. *Windsor* v. *McVeigh,* 93 U. S. 274. An illegal entry of judgment by a circuit court on appeal from a magistrate, may be appealed from to this court. *Sturges* v. *Hancock,* 4 App. D. C. 287.

Acts of courts without jurisdiction can be collaterally called in question. *Elliot* v. *Piersol,* 1 Pet. 328; *Tenney* v. *Taylor,* 1 App. D. C. 223.

2. The judgment was void in the way it was entered against a married woman. *Mallett* v. *Parham,* 52 Miss. 921; *Magruder* v. *Belt,* 7 App. D. C. 303. This court, in effect, conceded that such a judgment was not executionable as it stood. Then how did it differ in substance from a void one? *Foertsch* v. *Germuiller,* 9 App. D. C. 351.

3. The judgment was void as to the surety named therein, because there was no law to compel him to submit to the jurisdiction of the court without process, and there was no payee or obligee named in the so-called appeal bond he had to sign. *United States* v. *Draper,* 19 D. C. 85; *Insurance Co.* v. *Hasmer,* 1 Mack. 297; *Hotel Co.* v. *Kountz,* 107 U. S. 378; *Jackson* v. *Hulse,* 6 Mack. 548.

4. The execution alleged in the declaration was altogether contrary to law in itself, leaving the judgment out of consideration. It was an unqualified writ to the marshal to seize anything, and could be no legal authority to justify him in acting in any way. Exemptions from execution should have been provided for, and the writ should have been aimed solely at the property of the wife, acquired other than from her husband. Secs. 729 and 730, R. S. D. C.; *Magruder* v. *Belt,* 7 App. D. C. 303, 313; *Foertsch* v. *Germuiller,* 9 App. D. C. 351; *Mallett* v. *Parham,* 52 Miss. 921 and 923; *Bank* v. *Partee,* 99 U. S. 325, 330.

*Mr. Jackson H. Ralston, Mr. Frederick L. Siddons* and *Mr. Harvey T. Winfield* for the appellees.

Mr. Justice Shepard delivered the opinion of the Court:

1. The declaration presents what seems to be an extraordinary case both in respect of subject matter and the joinder of parties defendant.

Passing over the many questions raised on the argument, there is one that lies at the foundation of the plaintiff's case. Is the judgment of the Supreme Court, rendered on appeal from the justice's court, void for the want of jurisdiction?

In answering this we can not inquire into the right of a witness to sue for his fees, instead of looking to their collection as part of the general costs of the case wherein he had been summoned as a witness, or whether he actually claimed and was awarded more than the per diem fixed by the statute generally.

The justice of the peace had jurisdiction of the class of

actions to which this suit belonged, and the plaintiff was regularly summoned as the defendant therein. The Supreme Court had jurisdiction of the appeal from the justice's court that was prosecuted by the plaintiff herein.

Whether, then, the plaintiff in that case, Armes, ought to have recovered a judgment against this plaintiff on said appeal raises a question of error in the proceedings that does not go to the jurisdiction. Assuming the existence of error in that judgment, it could not be declared void.

2. The objection to the judgment upon which the greatest stress has been laid is that it is null and void, because rendered as a general, personal judgment against a married woman, with no limitation of execution to her sole and separate estate under the Married Woman's Act. R. S. D. C., Secs. 727–730.

In *Magruder* v. *Belt*, 7 App. D. C. 303, 309, it was said: "If the contract be joint, or joint and several, and the parties be sued jointly, the recovery must be general against the parties, but as to the married woman defendant, the award of execution must be against her sole and separate estate acquired and held under the statute, at the date of the judgment, if real estate, or at the time of the delivery of the execution to the marshal, if personal property."

In *Foertsch* v. *Germuiller*, 9 App. D. C. 351, 359, a married woman appealed from a general personal judgment rendered against her as if she were an unmarried woman; and it was held that there should have been an "award of execution against her sole and separate estate so acquired and held under the statutes regulating the rights of married women." Citing R. S. D. C., Secs. 727–730; *Magruder* v. *Belt*, 7 App. D. C. 303; *Bank* v. *Partee*, 99 U. S. 325, 330.

As this omission had not been called to the attention of the trial court either by the motion in arrest, or otherwise, the judgment was not reversed, but modified in the necessary particular. In doing so, it was said: "We can not agree that the judgment was void for want of the formal

limitation in the award of execution, or that, presented in the way it has been, the error is sufficient to require a reversal with costs."

It was hardly necessary in that case to say that the judgment was not void for the reason given. Examining the question again, in the light of the argument and authorities presented on behalf of the appellant, our conclusion is that a judgment against a married woman can not be attacked collaterally and declared void on the ground stated. *Bank v. Partee,* 99 U. S. 325, cited in *Foertsch* v. *Germuiller,* is relied on by appellant, in support of the contention.

In that case, it is true that a judgment rendered by a court of Mississippi, against a married woman, was held void in a collateral proceeding, because neither the pleadings nor the judgment showed that defendant had a separate estate, and that the debt claimed was a charge upon it, or ought to be paid out of it.

We can not regard that case as controlling, because it was founded on a statute of the State of Mississippi, different from ours, and the Supreme Court of the United States simply followed, in accordance with a general rule of decision, the interpretation that had been given that statute by the Supreme Court of Mississippi in repeated decisions.

4. The judgment upon which the writ of execution issued, not being void for want of jurisdiction in the court rendering it, all the other questions raised, in regard to the form and prematurity of the writ, the manner of levy and advertisement for sale, and the effect of plaintiff's payment of its demands, together with the relations of plaintiff's husband thereto, who is not a party to this suit, are unimportant and will therefore not be discussed or determined.

For the reasons given the judgment appealed from must be affirmed, with costs; and it is so ordered.    *Affirmed.*